UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THREE X, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5675** |
| **LEXINGTON INSURANCE COMPANY, ROBERT GOHRES AND EMERY & JAMES, LTD** | **SECTION: "C"** |

### ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiff, Three X, L.L.C. ("Three X") (Rec. Doc. 6). Defendant, Lexington Insurance Company ("Lexington") opposes the motion, alleging fraudulent joinder of the non-diverse defendants. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

### I. BACKGROUND

Three X owns the immovable property and improvements at #10 Islenos Key, St. Bernard, Louisiana. On August 29, 2005, this property allegedly sustained severe damage due to the effects of Hurricane Katrina. Three X claims that at the time the hurricane struck, the property was insured by Lexington for $195,000. Three X also asserts that the insurance policy in question was procured through insurance agent Robert Gohres ("Gohres"), who is an

employee of Emery & James, Ltd. ("Emery" collectively, "the agents").

Sometime after August 29, 2005, Three X allegedly made a claim to Lexington on its insurance policy for the damage its property sustained during the hurricane. Three X asserts that Lexington has failed to pay this claim. As a result, Three X filed suit against Lexington, Gohres and Emery in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana alleging damages up to the policy limit. Lexington, a foreign insurance company, removed the case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, Lexington claims that the Louisiana defendants, Gohres and Emery were fraudulently joined so as to defeat removal. Three X disagrees and filed this motion to remand.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder,

the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

   A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow

3

exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood*, 352 F.3d at 222.

Lexington presents two alternate theories of why Gohres and Emery are fraudulently joined. First, Lexington claims that Three X cannot assert a cause of action against the agents. Secondly, it contends that the claims against the agents are perempted by Louisiana Revised Statute § 9:5606.

### 1. No Cause of Action

Lexington asserts that Gohres and Emery are improperly joined because Three X failed to state a claim against them for which relief can be granted. Lexington argues Three X's state court petition does not allege that Three X requested Gohres to obtain flood or all risks insurance coverage and therefore the agents had no such duty. Lexington also asserts that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. However, Lexington does recognize that an insurance agent can assume such a duty by inducing the client's justifiable reliance on the agent's representations about its coverage. Lexington claims that Three X did not allege facts in its petition which show that it had a justifiable reliance on the agents.

Three X, on the other hand, disagrees. It claims that it relied on the agents to provide a variety of insurance services. Specifically, Three X alleges that it relied on them to offer, procure, advise and warn it about its insurance coverage. See, Rec. Doc. 11.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam*

*v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.*  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.  *Id.* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  *Dooley v. Wright*, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), *writ denied*, 512 So.2d 442 (La. 1987).

  Three X alleges that the agents are liable because Gohres failed to place flood insurance and/or because he failed to ensure that Three X was fully insured for all risks.  Although the state court petition does not allege that Three X requested either flood or all risks coverage, the allegations included therein imply that Three X relied on the agents to ensure that the property was insured for "all risks."

  Furthermore, the allegations in the state court petition also imply that Gohres assumed a duty greater than that of an agent to procure the coverage request.  Three X asserts that the agents are liable because Gohres failed to advise it of certain limitation and exclusions in its policy.  A deeper factual inquiry may reveal that Gohres had assumed this greater duty. Accordingly, the Court finds that Three X may have a possibility of recovery under state law against the parties whose joinder is questioned.  Thus, the joinder of Gohres and Emery is not fraudulent in law or in fact.

**2. Peremption**

Lexington also alleges that the claims against Gohres and Emery are perempted under Louisiana Revised Statute § 9:5606.[1] Three X filed its suit on July 6, 2006.  However, it claims that it did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005.  These dates show that Three X filed suit within one year of when it actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Three X should have discovered the alleged actions, omissions or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)).  Lexington uses this law to argue that Three X should have discovered the alleged actions, omissions or neglect when they received the policy.   According to Lexington, Three X received the policy on July 3, 2005.  The record shows that Three X did not file its state court petition until July 6, 2006.  Thus, Lexington reasons that Three X's claims against Gohres and Emery are perempted by Louisiana Revised Statute § 9:5606.

In their reply memorandum, Three X provides a different sequence of events.  Three X

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

shows that, although the policy was effective on July 3, 2005, the Broker Copy of the policy was not issued until July 5, 2005. See, Rec. Doc. 11, Ex. B.  Three X reasons that, if the Broker Copy was issued on July 5, 2005 and then forwarded to Gohres, Three X, or even its representative Gohres, would not have had the opportunity to review the policy until at least July 6, 2005. Thus, Three X argues that its petition was timely filed on July 6, 2006.

     Three X is correct that it cannot be held accountable for reading and knowing the terms of the policy until it actually had a copy of the policy in hand.  However, whether Three X actually received this copy on July 5, 2005 or July 6, 2005 is debatable.  As stated above, any ambiguities are strictly construed in favor of remand.  Thus, the Court will assume that Three X timely filed its action against Gohres and Emery.

     However, regardless of when Three X received a copy of its insurance policy, it is not certain that Three X could have discovered the alleged actions, omissions or neglect by reading the policy.   Without further factual development, the Court cannot determine whether Three X was lulled into complacency by representations made by the agents.  The facts may disclose that Three X had a well-founded reliance on representations made by the agents at the time that the policy was procured, regardless of the actual language of the policy, and that Three X therefore is excused from its failure to discover the problem earlier than the date that it actually did.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 30th day of October, 2006.

                                          HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE